UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW and STEPHANIE WOLF, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | CASE NO. C12-5257 BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND JOINDER IN THE MOTION TO DISMISS |

This matter comes before the Court on Defendant Bank of America, N.A., ("BOA") and Mortgage Electronics Registration Systems, Inc. ("MERS") motion to dismiss (Dkt. 7) and Defendant Northwest Trustee Services' ("NWTS") joinder in the motion (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and the joinder for the reasons stated herein.

# I. PROCEDURAL HISTORY

On February 24, 2012, Plaintiffs Andrew and Stephanie Wolf ("Wolfs") filed a complaint in the Pierce County Superior Court in and for the State of Washington. Dkt. 1-2. On March 22, 2012, BOA and MERS removed the case to this Court. Dkt. 1.

On March 26, 2012, BOA and MERS filed a motion to dismiss. Dkt. 7. On March 30, 2012, NWTS filed a notice of joinder in the motion. Dkt. 16. On April 10, 2012, the Wolfs responded. Dkt. 17. On April 20, 2012, BOA and MERS replied. Dkt. 18.

# II. FACTUAL BACKGROUND

On or about November 1, 2004, the Wolfs signed a deed of trust securing a $202,400 loan (the "Deed of Trust"). Dkt. 9, Declaration of Benjamin J. Roesch ("Roesch Decl."), Ex. 1. On May 11, 2009, MERS assigned to Bank of America the beneficial interest in the Deed of Trust. Roesch Decl., Ex. 2. On June 1, 2009, Bank of America, through its attorney-in-fact Wells Fargo Bank, N.A., appointed NWTS as the successor trustee on the Deed of Trust. Roesch Decl., Ex. 3. On March 9, 2011, NWTS recorded a Notice of Trustee's Sale pursuant to the Deed of Trust. Roesch Decl., Ex. 4.

On or about July 25, 2011, the Wolfs brought their first lawsuit in this case in the U.S. District Court for the Western District of Washington at Tacoma, suing Wells Fargo Bank, N.A., MERS, and NWTS (hereinafter, "Wolf I"). (Case 3:11-cv-05474-RBL, Doc. 4.) The Wolfs chose not to sue Bank of America at that time. Wells Fargo, MERS, and NWTS all brought motions to dismiss. *Id.*, Dkts. 9 & 13. The Wolfs did not respond timely, but instead submitted a document that is substantially similar to their complaint in

this case following the date noted for consideration of the defendants' motions to dismiss. *Id.*, Dkt. 17. Judge Leighton considered the Wolfs' submission, and on September 13, 2011 dismissed the case with prejudice, without leave to amend. *Id.*, Dkt. 18.

On February 24, 2012, the trustee's sale occurred, and a trustee's deed was delivered to BOA on February 29, 2012. Roesch, Ex. 7.

### III. DISCUSSION

The Wolfs request a 90 day extension of consideration of the motion so that they may find an attorney. Dkt. 17. The Court finds that this is not good cause to grant an extension. This is the second lawsuit the Wolfs have filed in the last year, and they have had plenty of time to retain an attorney to handle the issues set forth in their complaint. Therefore, the Court declines to grant an extension.

BOA, MERS, and NWTS move to dismiss the Wolfs' complaint based on the doctrine of res judicata. Dkt. 7 at 4-7; Dkt. 16 at 4-6. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens*, 244 F.3d at 713. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)).

In this case, the only issue with regard to applying this doctrine is whether there is a complete identity or privity of parties. The claims are the same, and Judge Leighton issued a final decision on the merits. The Wolfs, however, brought this action against BOA instead of Wells Fargo. The Court finds that BOA is in privity with Wells Fargo because Wells Fargo was BOA's attorney in fact. With regard to NWTS and MERS, they were a defendant in the previous action and are an identical party. Therefore, the Court grants BOA and MERS's motion to dismiss the Wolfs' complaint and NWTS's joinder because the claims are barred by the doctrine of res judicata.

## IV. ORDER

Therefore, it is hereby **ORDERED** that BOA and MERS's motion to dismiss (Dkt. 7) is **GRANTED** and NWTS's joinder (Dkt. 16) is **GRANTED.**

Dated this 17th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge